IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN M. RICHETTI, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : No. 25-cv-5289-JMG |
| CITY OF PHILADELPHIA, et al. | : |
| Defendants | : |

**DEFENDANT CITY OF PHILADELPHIA'S ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, the City of Philadelphia ("City" or "Answering Defendant"), hereby files this Answer with affirmative defenses to Plaintiff's Amended Complaint and avers as follows:

**NATURE OF THE CASE**

1. The allegations in this paragraph contain legal conclusions and, therefore, require no response. To the extent a response is deemed required, denied as stated. It is admitted only that Plaintiff's Decedent, Amanda Cahill, died from a fentanyl overdose at the Philadelphia Industrial Correctional Center ("PICC") on September 7, 2024. The remainder of the allegations in this paragraph are denied with strict proof thereof demanded at trial.

**PARTIES, JURISDICTION AND VENUE**

1. The allegations contained in this paragraph are directed to another party and therefore require no response from the City. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

2. Admitted.

3. Admitted.

1

4. Admitted.

5. Admitted upon information and belief.

6. The allegations contained in this paragraph are directed to other parties and therefore require no response from the City. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

7. The City admits only that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 to the extent Plaintiff asserts claims under 42 U.S.C. § 1983. The City further admits that this Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any properly pleaded state-law claims. Defendant otherwise denies any remaining allegations.

8. Admitted.

9. It is admitted only that Plaintiff has brought a claim under state law. All other allegations in this paragraph are legal conclusions and require no response. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.[1]

## NATURE OF THE CASE

8. Denied as stated. It is admitted only that Ms. Cahill was arrested for unlawful drug possession on September 4, 2024.

9. Denied as stated. The cited news article is a writing that speaks for itself.

10. Admitted upon information and belief.

11. Denied as stated. It is admitted only upon information and belief that Ms. Cahill was transferred to PICC.

---

[1] Plaintiff's Amended Complaint includes duplicative paragraph numbers. The City's Answer mirrors the numbering in Plaintiff's Amended Complaint.

12. The allegations in this paragraph contain legal conclusions and, therefore, require no response. To the extent a response is deemed required, denied.

13. Denied upon information and belief.

14. The allegations in this paragraph contain legal conclusions and, therefore, require no response. To the extent a response is deemed required, denied.

15. Denied as stated. It is admitted only upon information and belief that other inmates in nearby cells reported hearing Ms. Cahill calling out for help in the early hours of September 7, 2024.

16. Denied as stated. It is admitted only upon information and belief that other inmates in nearby cells reported hearing Ms. Cahill calling out for help in the early hours of September 7, 2024.

17. Admitted upon information and belief.

18. Denied upon information and belief.

19. Admitted upon information and belief.

20. Admitted upon information and belief.

21. The allegations contained in this paragraph are directed to other parties and therefore require no response from the City. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

22. Denied as stated. It is admitted only that the PDP's death investigation report found "Officer N. Yabrough who was assigned to the prior shift did not conduct 20 minute tours of the unit" and "Supervisors assigned to the area did not conduct any tours of the unit."

23. Denied as stated. It is admitted only that the investigation report includes a log of Defendant Yabrough's conduct during her shift. The remainder of the allegations in this paragraph

constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, denied.

24. Denied as stated. It is admitted only upon information and belief that other inmates in nearby cells reported hearing Ms. Cahill calling out for help in the early hours of September 7, 2024.

25. Denied upon information and belief.

26. The allegations contained in this paragraph are directed to another party and therefore require no response from the City. Further, the allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

27. The allegations contained in this paragraph are directed to another party and therefore require no response from the City. Further, the allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

28. Denied as stated. Upon information and belief, Ms. Cahill was found unresponsive in her cell at around 7:27 a.m. on September 7, 2024.

29. Denied as stated. It is admitted only that Ms. Cahill died from a fentanyl overdose. The City denies the remainder of the allegations and demands strict proof thereof at trial.

30. Admitted.

31. Admitted.

32. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

4

## FAILURES OF THE PHILADELPHIA DEPARTMENT OF PRISONS

33. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City admits only that it has faced numerous challenges in maintaining PDP staff levels. The City denies the remainder of the allegations in this paragraph and demands strict proof thereof at trial.

34. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City admits only that it has faced numerous challenges in maintaining PDP staff levels. The City denies the remainder of the allegations in this paragraph and demands strict proof thereof at trial.

35. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City admits only that it has faced numerous challenges in maintaining PDP staff levels. The City denies the remainder of the allegations in this paragraph and demands strict proof thereof at trial.

*PDP's Established Practice of Understaffing*

36. The allegations in this paragraph purport to characterize and summarize a report issued by the Philadelphia Office of the Controller. The report speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

37. The allegations in this paragraph purport to characterize and summarize a report issued by the Philadelphia Office of the Controller. The report speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

38. The allegations in this paragraph purport to characterize and summarize a report issued by the Philadelphia Office of the Controller. The report speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

39. The allegations in this paragraph purport to characterize and summarize a report issued by the Philadelphia Office of the Controller. The report speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

40. The allegations in this paragraph purport to characterize and summarize articles published by the *Philadelphia Inquirer*. The articles speak for themselves. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

41. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

42. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

43. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

44. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*.  The article speaks for itself.  To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

45. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*.  The article speaks for itself.  To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

46. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*.  The article speaks for itself.  To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

47. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*.  The article speaks for itself.  To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

48. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*.  The article speaks for itself.  To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

49. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*.  The article speaks for itself.  To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

50. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*.  The article speaks for itself.  To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

51. The allegations in this paragraph purport to characterize and summarize a report issued by the Philadelphia Office of the Controller.  The report speaks for itself. To the extent a

response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

52. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

*PDP's History of Unaddressed Security Issues*

53. The allegations in this paragraph purport to characterize and summarize an article published by *WHYY*. The article speaks for itself. Further, the allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

54. The allegations in this paragraph purport to characterize and summarize an article published by *NBC Philadelphia*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

55. The allegations in this paragraph purport to characterize and summarize an article published by *NBC Philadelphia*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

56. The allegations in this paragraph purport to characterize and summarize an article published by *NBC Philadelphia*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

57. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the remainder of the allegations in this paragraph and demands strict proof thereof at trial.

58. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the remainder of the allegations in this paragraph and demands strict proof thereof at trial.

*PDP's History of Unaddressed Security Issues*

59. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the remainder of the allegations in this paragraph and demands strict proof thereof at trial.

60. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

61. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

62. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

63. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. Further, the allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

64. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the remainder of the allegations in this paragraph and demands strict proof thereof at trial.

65. The allegations in this paragraph purport to characterize and summarize an article published by the *Philadelphia Inquirer*. The article speaks for itself. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

66. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the remainder of the allegations in this paragraph and demands strict proof thereof at trial.

## WRONGFUL DEATH ACTION

67. The City admits only that Plaintiff purports to assert a claim under the Pennsylvania Wrongful Death Act, 42 Pa.C.S. § 8301. The City denies that Plaintiff is entitled to recover any damages thereunder and denies all remaining allegations.

68. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

69. The City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same and demands strict proof thereof at trial.

70. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

71. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

72. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

73. The City denies that Plaintiff is entitled to recover any damages as alleged and demands strict proof thereof at trial.

74. The City denies that Plaintiff is entitled to recover any damages as alleged and demands strict proof thereof at trial.

75. The City denies that Plaintiff is entitled to recover any damages as alleged and demands strict proof thereof at trial.

## **WRONGFUL DEATH ACTION**

76. The City incorporates by reference paragraphs all preceding paragraphs as though each was individually set forth herein.

77. The City admits only that Plaintiff purports to assert a claim under the Pennsylvania Survival Act, 42 Pa.C.S. § 8302. The City denies that Plaintiff is entitled to recover any damages thereunder.

78. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

79. Upon information and belief, the City denies the allegations in this paragraph.

## COUNT I: VIOLATION OF THE FOURTEENTH AMENDMENT THROUGH DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED AND FAILURE TO RENDER MEDICAL CARE BY DEFENDANT YABROUGH AND DEFENDANT JOHN DOES 2-10

80. The City incorporates by reference paragraphs all preceding paragraphs as though each was individually set forth herein.

81. To the extent the allegations contained in this paragraph are directed to other parties, they require no response from the City. To the extent a the allegations are directed to the City, the City denies the allegations upon information and belief and demands strict proof thereof at trial.

82. The allegations contained in this paragraph are directed to other parties and therefore require no response from the City. To the extent a response is deemed required, the City denies the allegations and demands strict proof thereof at trial.

83. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

84. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

85. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

86. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

87. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

88. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

**COUNT II: VIOLATION OF THE FOURTEENTH AMENDMENT - DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEED AGAINST THE CITY OF PHILADELPHIA —MONELL LIABILITY**

89. The City incorporates by reference paragraphs all preceding paragraphs as though each was individually set forth herein.

90. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

91. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

92. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

93. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

94. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

95. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

96. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

97. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

98. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

99. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

100. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

101. The allegations in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is deemed required, the City denies the allegations in this paragraph and demands strict proof thereof at trial.

## JURY DEMAND

The City demands a jury trial in this action.

## AFFIRMATIVE DEFENSES

**1.    Failure to State a Claim**

Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted under 42 U.S.C. § 1983, the Fourteenth Amendment, or Pennsylvania law.

**2.    Intervening / Superseding Cause**

Plaintiff's claims are barred, in whole or in part, because Ms. Cahill's alleged injuries and damages were caused by intervening and superseding acts or omissions that were independent of, and not reasonably foreseeable by, the City, thereby severing any causal connection between the City's conduct and the harm alleged.

**3.    Punitive Damages Barred**

Punitive or exemplary damages are barred as a matter of law against the City of Philadelphia under 42 U.S.C. § 1983 and Pennsylvania law.

**4.    Statutory Immunity (State-Law Claims)**

Plaintiff's state-law claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa.C.S. §§ 8541–64, and related statutory immunities and limitations.

5.   **Wrongful Death and Survival Act Limitations**

Plaintiff has failed to satisfy all statutory prerequisites, standing requirements, and damages limitations applicable to claims under the Pennsylvania Wrongful Death Act and Survival Act.

6.   **Comparative Negligence / Contributory Fault (State-Law Claims)**

Any recovery under Pennsylvania law is barred or reduced by the law of comparative or contributory negligence.

7.   **Reservation of Defenses**

The City of Philadelphia reserves the right to assert additional defenses as discovery proceeds.

 

Respectfully submitted:

Date: January 30, 2025

/s/ *Benjamin T. Jackal*
Benjamin T. Jackal
Senior Attorney
Attorney Identification No. 319274
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5434
*ben.jackal@phila.gov*

*Counsel for Defendant, the City of Philadelphia*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IAN M. RICHETTI, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : No. 25-cv-5289-JMG |
| CITY OF PHILADELPHIA, et al. | : |
| Defendants. | : |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the Defendants' Motion to Dismiss was filed via the Court's electronic filing system and is available for downloading.

Respectfully submitted:

Date: October 6, 2025

/s/ *Benjamin T. Jackal*
Benjamin T. Jackal
Senior Attorney
Attorney Identification No. 319274
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102-1595
(215) 683-5434
*ben.jackal@phila.gov*

*Counsel for Defendant, the City of Philadelphia*